UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, et al., | 24 Civ. 02265 (JHR) |
| Plaintiffs, | OPINION & ORDER |
| -v.- | |
| NEW STYLE CONTRACTORS, INC., | |
| Defendant. | |

JENNIFER H. REARDEN, District Judge:

The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds," and the trustees thereof, the "Trustees of the ERISA Funds"); the Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund," and the trustees thereof, the "Trustees of the Charity Fund"); and the Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro," and, together with the Trustees of the ERISA Funds and the Trustees of the Charity Fund, the "Funds," or "Petitioners") seek to confirm an arbitration award against New Style Contractors, Inc. ("Respondent") pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. § 185. Petitioners also seek an order directing Respondent to submit to an audit of its books and records for the period from June 28, 2021 through October 30, 2023; post-judgment interest at the statutory rate provided by 28 U.S.C. § 1961; and attorneys' fees and costs incurred in bringing this action. Respondent did not appear at the underlying arbitration hearing, has not responded

to the instant Petition, and has not otherwise appeared before this Court.  For the reasons set forth below, the motion is granted, but with a reduction in Petitioners' request for attorneys' fees.

## I.    BACKGROUND[1]

### A.  Factual Background

The Trustees of the ERISA Funds are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with [the Employee Retirement Income Security Act ("ERISA")]."  Pet. ¶ 4.  The Trustees of the Charity Fund are trustees of "a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3)."  *Id.* ¶ 5.  CCA Metro "is a New York not-for-profit corporation."  *Id.* ¶ 6.  Respondent is "a business entity incorporated New York."  *Id.* ¶ 7.  It is "an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142."  *Id.*

On December 2, 2019, and January 7, 2022, Respondent executed Project Labor Agreement Letters of Assent ("LOAs") for the Dormitory Authority of the State of New York ("DASNY") projects at 181 Convent Avenue, New York, New York and 222-05 56th Avenue, Bayside, New York.  Pet. ¶ 8; DASNY LOAs.  "The DASNY LOAs bound Respondent to the

---

[1] The facts set forth in this section are drawn from the Petition (Pet.), *see* ECF No. 1; the Project Labor Agreement Letters of Assent for the Dormitory Authority of the State of New York (DASNY LOAs); the Dormitory Authority of the State of New York Project Labor Agreement (DASNY PLA); the Collective Bargaining Agreement (CBA); the Pension Fund Trust Agreement; the Welfare Fund Trust Agreement; the Annuity Fund Trust Agreement; the Apprenticeship, Journeyman Retraining and Educational and Industry Fund Trust Agreement; the Revised Statement of Policy for Collection of Employer Contributions (Collection Policy); the Estimated Audit Calculation; the Notice of Arbitration Hearing (Notice of Hearing); the Opinion and Default Award and Order of Arbitrator (Award); Petitioners' Demand Letter to Respondent (Demand Letter); and the History Bill for the Court (V&A Invoice), *see* ECF Nos. 1-1 to 1-13.

DASNY Project Labor Agreement covering Specified Renovation & Rehabilitation Work (the "DASNY PLA")," and "[t]hrough the DASNY PLA . . . Respondent became bound to" various collective bargaining agreements with the New York City District Council of Carpenters (the "Union"), specifically, the Independent Building Construction Agreement covering the period July 1, 2017 through June 30, 2024 (the "CBA").  The CBA requires Respondent, *inter alia*, to make "contributions [to the Funds for] every hour worked by Respondent's employees within the trade and geographical jurisdiction of the Union."  Pet.¶ 11; CBA art. XV, § 1.  "[T]o ensure compliance with required benefit fund contributions," the CBA requires Respondent to "furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit."  Pet. ¶ 12; CBA art. XV, § 1.

Under the CBA, Respondent is also bound by the Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy").  Pet. ¶¶ 13-14; CBA art. XV, § 3.  The Collection Policy establishes procedures governing unpaid contributions owed to the Funds by employers.  Those procedures provide, in relevant part, that, "in the event that an employer refuses to comply with the CBA's audit procedures, the Funds 'shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period . . . A determination under this paragraph shall constitute presumptive evidence of delinquency.'"  Pet. ¶ 18 (quoting Collection Policy § IV ¶ 12).

The Collection Policy and the CBA provide that "legal action to collect delinquencies shall generally be in the form of arbitration."  *See* Collection Policy § VI ¶ 1; CBA art. XV § 7 ("Should any dispute or disagreement arise between the parties hereto, or between the Union and any Employer signatory hereto, concerning any claim arising from payments to the Fund of

principal and/or interest which is allegedly due, either party may seek arbitration of the dispute . . .”); Pet ¶¶ 15-17.  In any arbitration proceedings regarding delinquent contributions, “the arbitrator shall be empowered to award . . . interest, liquidated damages, and/or costs.” CBA art. XV, § 6(b).  To wit, “the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate plus 2%; (2) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorneys’ fees incurred by the Funds for all time spent in collection efforts.”  Pet. ¶ 19; Collection Policy §§ IV ¶ 11, V ¶¶ 4-6; CBA art. XV, § 6(a).  The employer “will be additionally responsible for damages including attorneys’ fees and ‘the entire cost of a payroll review and/or audit.’”  Pet. ¶ 20; Collection Policy § IV ¶ 11; CBA art. XV, § 7 (providing that “[t]he arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages”).  Finally, in the event that Petitioners “institute court action to enforce an [arbitration] award,” Respondent “shall pay any accountants’ and attorneys’ fees incurred by the . . . fund trustees, plus costs of litigation, which have resulted from the bringing of such court action.”  CBA art. XVII, § 19(c).

Pursuant to the CBA and Collection Policy, “Petitioners attempted to conduct an audit of Respondent covering the period [from] June 28, 2021 through October 30, 2023 (the ‘Audit’).”  Pet. ¶ 21.  A “dispute arose between the parties,” however, “when Respondent failed to cooperate with the auditors and did not produce all records requested for purposes of completing the Audit,” as required under the CBA.  *Id.* ¶ 22.  In light of Respondent’s “refus[al] to submit to an audit, the Funds conducted an estimated audit pursuant to the Collection Policy, which revealed that Respondent failed to remit contributions to the Funds in the principal amount of $114,706.36.”  *Id.* ¶ 23.

Accordingly, Petitioners initiated the underlying arbitration proceeding pursuant to the Collection Policy. Pet. ¶¶ 24-25; Award at 1. On January 5, 2024, arbitrator J.J. Pierson (the "Arbitrator") issued a Notice of Arbitration Hearing to the parties setting a hearing date of January 29, 2024. Notice of Hearing.

At the January 29 hearing, no representative for Respondent appeared. Award at 2. The Arbitrator first determined that Respondent "had sufficient legal notice of the proceeding and the claims submitted by the Funds," and "found the Respondent to be in default." *Id.* The Arbitrator then proceeded "to accept the testimony and evidence regarding the claims of the Petitioners." *Id.*

At the end of the hearing, the Arbitrator rendered an award in favor of Petitioners. Pet. ¶¶ 25-27; Award at 2-3. The Arbitrator found, based on "the substantial and credible evidence" presented by Petitioners, that Respondent was "in violation of the [CBA] as a result of its failure to permit [the] Funds' designated Outside Accounting Firm to examine, review, and/or audit its Books & Records for the period of June 28, 2021 through October 30, 2023." Award at 2; Pet. ¶ 26. The Arbitrator determined that Respondent was "liable for payment of the [p]rincipal [delinquent contributions], a Delinquency Assessment ('DA') in the amount of twenty per cent of the delinquency, Interest on the delinquency, and Attorney[s'] fees, the fee of the Arbitrator, and court cost[s] in accordance with the terms of the [CBA] and the [Collection Policy]." Award at 2; Pet. ¶ 26. The Arbitrator ordered Respondent to pay Petitioners $154,794.37, consisting of "(i) the estimated principal deficiency of $114,706.36, (ii) interest thereon of $14,241.74, (iii) liquidated damages of $22,941.27, (iv) court costs of $405.00, (v) attorneys' fee[s] of $1,500.00, and (vi) arbitrator's fee[s] of $1,000.00." Pet. ¶ 26; Award at 3. The Arbitrator further ordered Respondent to submit to an audit "of the payrolls and such other records . . . for the period June 28, 2021 through October 30, 2023." Award at 3.

On February 6, 2024, Petitioners served Respondent with a letter "demand for payment of and compliance with the Award." Pet. ¶ 28; Demand Letter at 1-2. Respondent "has failed to pay any portion of the Award and still has not produced the necessary documents for a payroll audit." Pet. ¶ 29.

**B.  Procedural Background**

In light of Respondent's refusal to comply with the Award, Petitioners initiated this action by filing a Petition to Confirm the Award, *see* Pet., which they promptly served on Respondent, *see* ECF Nos. 7, 8, 9.

Respondent has not responded to the Petition or otherwise appeared.  Thus, the unopposed Petition is ripe for the Court's consideration.[2]

## II.    LEGAL STANDARD

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  The Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007).  "A court's review of an arbitration award is severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of*

---

[2] "The Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because '[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. PMM Cranes LLC*, No. 24 Civ. 3187 (JGK), 2024 WL 4388276, at *3 (S.D.N.Y. Oct. 3, 2024) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)).

*Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015) (quoting *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71-72 (2d Cir. 2012)).  "The federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades Council v. Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997).  "Because the LMRA 'embodies a "clear preference for the private resolution of labor disputes,' "judicial review of arbitral awards in this context is 'among the most deferential in the law.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Blue Moon Health Mgmt. LLC*, No. 22 Civ. 1807 (KPF), 2022 WL 16578119, at *3 (S.D.N.Y. Oct. 31, 2022) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532, 536 (2d Cir. 2016)).

"Confirmation of an arbitration award is thus generally 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  *Id.* at *3 (quoting *D.H. Blair & Co.*, 462 F.3d at 110). "The Court's task is not to reconsider the merits of the dispute; after all, the parties bargained for the arbitrator's view of the facts and the law." *Id.* (citing *Nat'l Football League Mgmt. Council*, 820 F.3d at 536).  "Instead, [the court's] task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Nat'l Football League Mgmt. Council*, 820 F.3d at 537 (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

In cases such as this, where the "petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record . . . as akin to a motion for summary judgment.'" *Treasury Two Tr. v. Teras BreakBulk Ocean Navigation Enter. LLC*, No.

20 Civ. 4089 (GHW), 2020 WL 4937468, at *2 (S.D.N.Y. Aug. 24, 2020) (quoting *D.H. Blair &
Co.*, 462 F.3d at 109). "Under the familiar summary judgment standard, 'a court shall grant
summary judgment if the movant shows that there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law.'" *Bailey Shipping, Ltd. v. Am. Bureau
of Shipping*, 431 F. Supp. 3d 359, 364 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 56(a)).

"However, 'even when a motion for summary judgment is unopposed, the district court is
not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.'"
*Mason Tenders Dist. Council of Greater N.Y. & Long Island v. Adalex Grp., Inc.*, No. 13 Civ.
764 (PAE), 2013 WL 5322371, at *3 (S.D.N.Y. Sept. 23, 2013) (alterations omitted) (quoting *Vt.
Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004)); *see Amaker v. Foley*,
274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of
failing to submit a response to a summary judgment motion, the district court may not grant the
motion without first examining the moving party's submission to determine if it has met its
burden of demonstrating that no material issue of fact remains for trial."). Similarly, on an
unopposed motion for confirmation of an arbitration award, a court "may not grant the motion
without first examining the moving party's submission to determine if it has met its burden of
demonstrating that no material issue of fact remains for trial." *Mason Tenders Dist. Council of
Greater N.Y.*, 2013 WL 5322371, at *3 (quoting *D.H Blair & Co.*, 462 F.3d at 110).

### III.    DISCUSSION

#### A.  Confirmation of Award

Petitioners have met their burden "to show that no genuine factual dispute exists." *Vt.
Teddy Bear Co.*, 373 F.3d at 244. As an initial matter, "Petitioners have presented undisputed
evidence that arbitration was appropriate in this case." *Trs. of N.Y.C. Dist. Council of
Carpenters Pension Fund v. Jessica Rose Enters. Corp.*, No. 15 Civ. 9040 (RA), 2016 WL

6952345, at *3 (S.D.N.Y. Nov. 28, 2016).  The CBA provides, in relevant part, that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and any Employer signatory hereto, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute." CBA art. XV § 7; *see also* Collection Policy § VI ¶ 1 ("legal action to collect delinquencies shall generally be in the form of arbitration").  The dispute here stemmed from Respondent's "fail[ure] to remit contributions to the Funds." Pet. ¶ 23; Audit Calculation.  Thus, "[t]his dispute is plainly within the scope of the [CBA's] arbitration provision."  *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see, e.g.*, *Treasury Two Tr.*, 2020 WL 4937468, at *2 (confirming arbitration award upon finding, *inter alia*, that the arbitration provision in the parties' contract constituted "undisputed evidence that the parties consented to arbitration for any dispute that might arise out of or in connection with their contract").

Moreover, "there is no dispute that the arbitrator acted within the scope of his authority." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3.  The CBA provides that "[t]he arbitrator shall have full and complete authority to decide any and all issues raised by the [Petitioners' submission] and to fashion an appropriate remedy including, but not limited to, monetary damages."  CBA art. XV, § 7.  It further states that, "in the event that [arbitration] proceedings are instituted . . . to collect delinquent contributions to [the] Funds, the arbitrator shall be empowered to award . . . interest, liquidated damages, and/or costs." *Id.* art. XVII, § 6(b).  "Furthermore, the arbitrator's decision to order the [R]espondent to produce records for the audit to proceed plainly 'draws its essence' from the Collection Policy," *PMM Cranes LLC,* 2024 WL 4388276, at *3, which provides that the Petitioners may "institute legal action to enforce the [Petitioners'] right to conduct a payroll review and/or audit." Collection Policy § IV (13); *see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Mountaintop*

*Cabinet Mfr. Corp.,* No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *3, *5 (S.D.N.Y. Aug. 29,
2012) (ordering respondent "to produce any and all records and books necessary to conduct an
audit").

Petitioners "have submitted undisputed evidence, including a notice of the arbitration
hearing and the Award itself, demonstrating that the arbitrator complied with the CBA by
limiting his review to the issues raised by Petitioners—namely, Respondent's delinquent
payments to the [Funds]." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see* Notice of
Hearing; Award at 2-3.  Petitioners "have also submitted undisputed evidence, including the
CBA and the Award, that the arbitrator's remedy was appropriate, for monetary damages,
interest, fees, and costs are specifically identified as forms of relief available under the
CBA." *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *see* CBA art. XV, §§ 6, 7.  "The
undisputed evidence thus establishes that the arbitrator did not exceed the scope of his authority
in rendering the Award."  *Jessica Rose Enters. Corp.*, 2016 WL 6952345, at *3; *Trs. of Mason
Tenders Dist. Council Welfare Fund v. Sukhmany Constr., Inc.*, No. 15 Civ. 7200 (PAE), 2016
WL 3659925, at *3 (S.D.N.Y. July 1, 2016) (granting unopposed petition to confirm arbitration
award after determining that "[t]he arbitrator acted within the scope of the authority granted [to]
him by the parties").

Finally, based on the Court's "severely limited" review of the undisputed evidence before
it, *United Bhd. of Carpenters*, 804 F.3d at 274, the Court concludes "that the Award is
proper," *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund,
& Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Regal USA Concrete Inc.*,
No. 22 Civ. 8202 (JPC), 2023 WL 8644513, at *6 (S.D.N.Y. Aug. 9, 2023).  "Here there is no
indication that the Arbitrator's award was procured through fraud or dishonesty or that the
Arbitrator was acting in disregard of the CBA."  *Trs. of N.Y.C. Dist. Council of Carpenters*

*Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Architectural Metal Concept LLC*, 636 F. Supp. 3d 459, 465 (S.D.N.Y. 2022). "Rather, the record indicates that the Arbitrator based his award on undisputed evidence that the Funds conducted an audit in accordance with the terms of the CBA and determined that [Respondent] had been delinquent in its contributions to the [F]unds." *Id.*; *see* Award at 2. "The record further indicates that the Arbitrator based the amount of his award of principal, interest, liquidated damages, and various costs on relevant provisions in the [CBA and the Collection Policy] and on undisputed testimony." *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 465; *see* Award at 2-3. The Court therefore grants Petitioners' motion and confirms the Award of $154,794.37.

## B. Attorneys' Fees and Costs

Petitioners also request $1,869.00 in attorneys' fees and $122.60 in costs arising from the instant litigation. Pet. ¶¶ 39-40. "Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award,' which section 301 of the LMRA does not provide." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Genrus Corp.*, No. 22 Civ. 4886 (JPC), 2022 WL 3536134, at *4 (S.D.N.Y. Aug. 18, 2022) (quoting *Int'l Chem. Workers Union, Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). But "two independent bases [ ] support such an award here." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Land Cruising Properties Inc.*, No. 21 Civ. 7877 (KPF), 2022 WL 1125623, at *5 (S.D.N.Y. Apr. 15, 2022). "First, 'a contractual provision for the payment of attorneys' fees provides a basis to award them.'" *Id.* (alterations omitted)

(quoting *N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017)).  "Second, a court may 'exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith.'"  *Id.*  (quoting *N.Y.C. Dist. Council of Carpenters v. Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012)).

Here, "the CBA includes a provision that allows the Funds to recover reasonable attorneys' fees and court costs upon prevailing in a confirmation action."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *5 (S.D.N.Y. Apr. 25, 2017); *see* CBA art. XVII, § 19(c) (providing that Respondent "shall pay any ... attorneys' fees incurred by the ... fund trustees, plus costs of litigation, which have resulted from the bringing of such court action").  "Therefore, allowing the Funds to recover reasonable attorneys' fees and costs in the current action aligns with the parties' contractual expectations."  *Formula 1 Builders, LLC*, 2017 WL 1483369, at *5 (holding that "an award of fees and costs [wa]s justified" because respondent had "enter[ed] into [a] CBA," under which "[respondent] agreed to submit to arbitration of disputes at the option of either party to the agreement").

Furthermore, Respondent has "act[ed] in bad faith."  *Gen-Cap Indus., Inc.*, 2012 WL 2958265, at *5.  "A finding of bad faith may be made 'when a challenger refuses to abide by an arbitrator's decision without justification.'"  *Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters & Joiners of Am. v. Prime Contractors, Inc.*, No. 22 Civ. 7085 (KPF), 2023 WL 3849101, at *4 (S.D.N.Y. June 6, 2023) (alterations and citation omitted); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys' fees in cases where a party merely refuses to abide by an arbitrator's award without challenging

or seeking to vacate it through a motion to the court." (citation omitted) (collecting cases)). "Here, [Respondent] failed to participate in the arbitration proceeding, despite having been duly notified of the hearing." *Formula 1 Builders, LLC*, 2017 WL 1483369, at *5. Following the arbitrator's decision that Respondent had violated its obligations under the CBA, Respondent "failed to satisfy any portion of the award and has subsequently failed to oppose the instant petition to confirm the award." *Id.* "In so doing, [Respondent] has failed to offer any justification for its refusal to abide by the decision of the arbitrator," *id.*, and "[t]he Court therefore finds it appropriate to award [Petitioners] reasonable attorneys' fees and costs," *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc.*, No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *5 (S.D.N.Y. Aug. 30, 2018) (awarding attorneys' fees where "[respondent], in violation of the CBAs, failed to produce the requested books and records for an audit" and "also failed to respond to [petitioners'] motion for summary judgment to confirm that award"); *Prime Contractors, Inc.*, 2023 WL 3849101, at *5 (determining an award of attorneys' fees was warranted where "Respondent ha[d] not appeared, and ha[d] failed to justify its refusals to appear at the arbitration hearing or to abide by the Award").

Having determined that an attorneys' fees award is appropriate, the Court next considers the reasonableness of the fees sought. "To determine an appropriate attorneys' fees award, the Court must assess" two factors: "the reasonableness of the attorney's hourly rate and the number of hours she billed at that rate." *Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *5. To that end, "the petitioner must submit 'contemporaneous time records [that] specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *N.Y.C. & Vicinity Dist. Council of Carpenters v. Talico Contracting Inc.*, No. 19 Civ. 4287 (AT), 2021 WL 4429603, at *3 (S.D.N.Y. Sept. 27, 2021) (quoting *N.Y. St. Ass'n for Retarded Children,*

*Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).  Counsel for Petitioners have submitted

contemporaneous time records identifying the time spent and tasks performed litigating this

matter.  *See generally* V&A Invoice.  In total, counsel billed $1,869.00 for six hours of work.

Pet. ¶ 39; V&A Invoice at 2.  Specifically, counsel billed the time of (1) Maura Moosnick, an

associate attorney who graduated from law school in 2021, at a rate of $310 per hour for .8 hours

of work, *see* V&A Invoice at 1-2; and (2) Jayden Peters, an associate attorney who graduated

from law school in 2021, at a rate of $310 per hour for 5.2 hours of work, *see id.*[3]

Turning first to the number of hours billed, "the critical inquiry is whether, at the time the

work was performed, a reasonable attorney would have engaged in similar time

expenditures."  *Architectural Metal Concept LLC*, 636 F. Supp. 3d at 467 (alterations and

citation omitted).  "The time records submitted by Petitioner[s]' counsel are sufficiently detailed

and establish that, among other tasks, counsel drafted the petition for confirmation, performed

research, and composed a summary judgment filing."  *N.Y.C. & Vicinity Dist. Council of*

*Carpenters v. Plaza Constr. Grp., Inc.*, 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2

(S.D.N.Y. July 19, 2016); *see also generally* V&A Invoice; Moosnick Decl.  The Court

concludes that six hours "is a reasonable number of hours worked given the description of the

tasks performed."  <u>*Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare*</u>

---

[3] Although Petitioners state that V&A also "billed its legal assistants' time at the rate of $155 per hour for work performed in connection with this action," Pet. ¶ 37, the V&A Invoice does not include billing entries reflecting the time spent and the tasks performed by any individuals other than Ms. Moosnick and Mr. Peters.  *See generally* V&A Invoice.  "[A]bsent unusual circumstances, attorneys are required to submit contemporaneous records with their fee applications."  *Trs. of the Dist. Council No. 9 Painting Indus. Ins. Fund v. City Newark Glass*, No. 23 Civ. 3303 (JPC), 2024 WL 2092003, at *3 n.1 (S.D.N.Y. May 9, 2024) (citing *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010)).  "Petitioners [have not] identified any exceptions to the contemporaneous records requirement."  *Id.* (denying request for attorneys' fees where contemporaneous records were not submitted).  Thus, the Court does not include the legal assistants' time in calculating reasonable attorneys' fees.

*Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Mahi Painting, Inc.*, No. 1:22-CV-6496-GHW, 2022 WL 7584364, at *5 (S.D.N.Y. Oct. 13, 2022); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Safeway Installation Corp.*, No. 19 Civ 10173 (VSB), 2023 WL 2596939, at *3 (S.D.N.Y. Mar. 22, 2023) ("In similar actions to confirm an arbitration award in which the respondent has failed to answer the petition or otherwise appear, courts have found total billable hours in the single digits to be reasonable." (collecting cases))

With respect to the proposed hourly rates, "[a] reasonable hourly rate is a rate 'in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel. Prendergast* v. *Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (alterations omitted) (quoting *Blum* v. *Stenson*, 465 U.S. 886, 895 n.11 (1984)). "It is within the Court's discretion to reduce the requested rate when the Court finds the rate unreasonable in the relevant market." *Blue Moon Health Mgmt. LLC*, 2022 WL 16578119, at *6 (citation omitted). The Court has reviewed V&A's contemporaneous time records and compared them to the prevailing rates in the community. "In line with the most recent approach of courts in this District in addressing similar confirmation petitions, the Court concludes that [a] slightly lower rate[] . . . [of] $300 per hour [is] reasonable." *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Budd Woodwork Inc.*, No. 24 Civ. 8560 (JPC), 2025 WL 934360, at *5 (S.D.N.Y. Mar. 27, 2025) (collecting cases reducing the requested hourly rate from $310 to $300 for associates at V&A, including Ms. Moosnick).

Petitioners also seek costs. "Courts in this Circuit will generally grant 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). The $122.60 requested by Petitioners "consists primarily of postage and service fees, which courts regularly permit." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Rashel Constr. Corp.*, No. 22 Civ. 9854 (KPF), 2023 WL 3849103, at *8 (S.D.N.Y. June 6, 2023) ("find[ing] Petitioners' request for $164.14 in costs to be reasonable"); *see also, e.g.*, *Mahi Painting, Inc.*, 2022 WL 7584364, at *6 (granting "the reimbursement of $181.10 in court costs resulting from serving [respondent] with the petition to confirm the arbitration award and court fees").

Accordingly, Petitioners' request for attorneys' fees and costs is granted, but at the reduced rate of $300 per hour for Ms. Moosnick's and Mr. Peters's work. Petitioners are therefore entitled to $1,800.00 in attorneys' fees and $122.60 in costs.

## C. Post-Judgment Interest

Finally, Petitioners seek post-judgment interest. Pet. ¶ 41(5). Pursuant to 28 U.S.C. § 1961, "[s]uch interest 'shall be allowed on any money judgment in a civil case recovered in a district court[,] at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6 (alterations omitted) (quoting 28 U.S.C. § 1961(a)). The "'award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered,' and 'awards of post-judgment interest under § 1961 apply to actions to confirm arbitration awards.'" *Rashel Constr.*

*Corp.*, 2023 WL 3849103, at *8 (alterations and citations omitted); *see, e.g.*, *Trs. for Mason Tenders Dist. Council Welfare Fund* v. *Euston St. Servs., Inc.*, No. 15 Civ. 6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (awarding "post-judgment interest in action to confirm arbitration award") (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004)).  Thus, the Court grants Petitioners' request for post-judgment interest.[4]

## IV.    CONCLUSION

For the foregoing reasons, Petitioners' unopposed Petition to confirm the Award is GRANTED.  The Respondent is ordered to submit to an audit of its books and records for the period June 28, 2021 through October 30, 2023.  The Clerk of Court is directed to enter judgment in favor of Petitioners, consisting of (i) the arbitration award of $154,794.37; (ii) $1,800.00 in attorneys' fees and $122.60 in costs related to bringing this action; and (iii) post-judgment interest on the entire amount of the judgment, which shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

SO ORDERED.

Dated: September 26, 2025
       New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

---

[4] Given that the Arbitrator did not award prejudgment interest, *see* Award at 3-4, and Petitioners have not requested it, *see* Pet. 8-9 and ECF No. 1-14 (Proposed Judgment) at 1, the Court does not reach that issue.  *See, e.g.*, *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Metropolitan Fine Mill Work Corp.*, No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (confirming arbitration award pursuant to Labor Management Relations Act without addressing prejudgment interest where petitioners did not request it); *Mountaintop Cabinet Manufacturer Corp.*, 2012 WL 3756279, at *5 (same).